IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND WILLIAM SCHMAL,

        Plaintiff,

vs.                                                                                                      No. CIV 20-1324 JB/GJF

LUNA COUNTY; LUNA COUNTY
SHERIFF'S DEPARTMENT; DEMING
ANIMAL GUARDIANS; MICHAEL
BROWN; LUIS MOLINA; SANDY
FOSTER; TAMMY MCCOY; MIKE REITZ;
FNU DOES, 1-25 and LUNA COUNTY
ANIMAL CONTROL SHELTER,

        Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 7, 2022 (Doc. 54)("PFRD"); (ii) Defendants Deming Animal Guardian's [sic], Tammy McCoy's, and Mike Reitz's Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), filed April 26, 2021 (Doc. 22)("Animal Guardians MTD"); (iii) Defendant Deming-Luna County Humane Society's and Sandra Foster's Motion to Dismiss Plaintiff's Complaint for Violation of Civil Rights; Title 42, Section 1983, filed July 22, 2021 (Doc. 44)("Humane Society MTD"); (iv) Special Entry of Appearance and Motion to Quash Summons, filed April 27, 2021 (Doc. 26)("Motion to Quash"); (v) Motion for Plaintiff's Continuance for Defendant's [sic] Luna County and Luna County Sheriff's Dept. Motion and Hearing to be Dismissed from Case No. 20CV1324 CG/GJF, filed June 11, 2021 (Doc. 40)("Motion for Continuance"); and (vi) Letter from Raymond W. Schmal to Judge Browning (dated December 13, 2021), filed December 15, 2021 (Docs.

51)("Continuance Letter").  In the PFRD, the Honorable Gregory J. Fourrat, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies the parties of their ability to file objections within fourteen days and warns them that failure to file objections would waive appellate review.  See PFRD at 23.  That deadline expired without either party filing objections.  In addition, the PFRD notifies Plaintiff Raymond W. Schmal that this case may be dismissed if, within thirty days, he does not show good cause in writing why he has failed to move this case forward.  See PFRD at 20-22.  The deadline to file objections has expired without Schmal filing anything at all, and without Schmal showing good cause.  The Court will: (i) adopt the PFRD; (ii) grant in part Defendants Deming Animal Guardians, Tammy McCoy, and Mike Reitz' Animal Guardians MTD, and grant in part Defendants Deming-Luna County Humane Society[1] and Sandra Foster's Humane Society MTD by dismissing without prejudice (a) Schmal's equal protection claims under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and (b) Schmal's due process claims under the Fourth and Fourteenth Amendments against Deming Animal Guardians and the Humane Society; (iii) otherwise deny the Animal Guardians MTD and Humane Society MTD; (iv) grant Defendants Michael Brown and Luis Molina's Motion to Quash by quashing the attempted service of process on Brown and Molina; (v) deny Schmal's Motion for Continuance and Continuance Letter as moot; and (vi) dismiss this case without prejudice for Schmal's failure to prosecute.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended

---

[1] See Humane Society MTD at 1 (clarifying that the Deming-Luna Humane Society was "improperly named as Luna County Animal Control Shelter").

disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that

underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

---

[2]Congress enacted the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, in 1968.

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive

In One Parcel, in accord with other Courts of Appeals, the Tenth Circuit expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in

---

value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because finding waiver would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United

- 6 -

States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty.)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to

conduct review of the factual and legal findings in the PFRD," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not review, however, the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][4] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in

---

[4]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's PFRD is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the PFRD. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' PFRD. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' PFRD to which there are no objections for whether the PFRD is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court has reviewed carefully the PFRD and the record, including Plaintiff's Complaint for Violation of Civil Rights; Title 42, Section 1983, filed December 7, 2020 (Doc. 1), and the briefing on the five motions that the PFRD addresses. In addition to recommending the dismissal of certain claims, the quashing of the attempted service of process on Brown and Molina, and the denial of Schmal's Motion for Continuance and Continuance Letter, Magistrate Judge Fourrat, in the PFRD, also recommends that the Court "dismiss[] this case without prejudice for Plaintiff's failure to prosecute [because] he d[id] not show good cause in writing within thirty days of the [February 7, 2022] filing of th[e] PFRD as to why he has failed to move this case forward." PFRD at 22. In addressing Schmal's failure to prosecute, the PFRD provides the following explanation -- along with an explicit written notice to Schmal, warning him that his case may be dismissed for his failure to prosecute:

> Since Plaintiff initiated this action in December 2020, three separate groups of named Defendants have filed motions to dismiss [ECFs 19, 22, 44], and a fourth group of named Defendants has filed a motion to quash summons [ECF 26]. It has been over six months since the last of these motions was filed, *see* ECF 44 (filed July 2021), and Plaintiff has not filed responses to *any* of these motions.[]  Furthermore, aside from filing a complaint (and some minimal efforts associated with the Court's service of summons), Plaintiff has taken no meaningful steps to move this case forward in over two years.[]
>
> The Court may dismiss Plaintiff's case if (1) "no steps are taken to move the case forward" for "a period of ninety (90) days" and (2) Plaintiff is "give[n] written notice that the action may be dismissed thirty (30) days after the date of [such] notice, unless good cause is shown." D.N.M.LR-Civ. 41.1; *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)(observing that Rule 41(b) of

>   the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the … court's orders"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (observing that pro se plaintiffs must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).
>
>   More than ninety days have passed since Plaintiff has taken *any* steps to move this case forward. *See, e.g.*, ECFs 48-53; *see also* supra note 25. Plaintiff is hereby provided **NOTICE** that **this case may be dismissed if, within thirty days, he does not show good cause in writing as to why he has failed to move this case forward**. Consequently, the Court will recommend dismissing this case without prejudice for Plaintiff's failure to prosecute if he does not show good cause in writing as to why he has failed to move this case forward.[]

PFRD at 20-21 (emphasis in original)(footnotes omitted).

The Court did not review the PFRD de novo, because the parties have not objected to it, but rather reviewed the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 7, 2022 (Doc. 54), is adopted; (ii) Defendants Deming Animal Guardian's [sic], Tammy McCoy's, and Mike Reitz's Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), filed April 26, 2021 (Doc. 22)("Animal Guardians MTD"), and Defendant Deming-Luna County Humane Society's and Sandra Foster's Motion to Dismiss Plaintiff's Complaint for Violation of Civil Rights; Title 42, Section 1983, filed July 22, 2021 (Doc. 44)("Humane Society MTD"), are granted in part in that the Court dismisses without prejudice (a) Plaintiff Raymond W. Schmal's claims under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and (b) Schmal's claims under the Fourth and Fourteenth Amendments against

- 10 -

Defendants Deming-Luna County Humane Society and Deming Animal Guardians; (iii) the Animal Guardians MTD and Humane Society MTD are otherwise denied; (iv) the Special Entry of Appearance and Motion to Quash Summons, filed April 27, 2021 (Doc. 26) is granted in that the attempted service of process on Defendants Michael Brown and Luis Molina is quashed; (v) Schmal's Motion for Plaintiff's Continuance for Defendant's [sic] Luna County and Luna County Sheriff's Dept. Motion and Hearing to be Dismissed from Case No. 20CV1324 CG/GJF, filed June 11, 2021 (Doc. 40), and Letter from Raymond W. Schmal to Judge Browning (dated December 13, 2021), filed December 15, 2021 (Docs. 51), are denied; (vi) this case is dismissed without prejudice for Plaintiff's failure to prosecute; and (v) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Raymond William Schmal
Rialto, California

    *Plaintiff pro se*

Brandon Huss
David Anthony Roman
New Mexico Association of Counties
Albuquerque, New Mexico

    *Attorneys for Defendants Luna County, Luna County Sheriff's Department, Michael Brown, and Luis Molina*

Kenneth Ferguson
Gordon Rees Scully Mansukhani, LLP
Austin, Texas

    *Attorneys for Defendants Deming Animal Guardians, Tammy McCoy, and Mike Reitz*

Donna L. Chapman
Marianne L. Bowers
Chapman Law, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Sandy Foster and Luna County Animal Shelter, a.k.a. Deming-Luna County Humane Society*